UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOE ALCIDES RODRIGUEZ,

    Plaintiff,

vs.

SONIA QUIÑONES, in her official
Capacity as Chief of the Hallandale Beach
Police Department, and Officer MATTHEW
CASEY
Individually.

    Defendants.
_____/

CASE NO.: NO.: 0:20-CV-61229-RAR

JURY TRIAL DEMANDED

## SECOND AMENDED COMPLAINT

Plaintiff Joel Alcides Rodriguez ("Rodriguez"), sues Defendants Sonia Quiñones in her official capacity as Chief of the Hallandale Beach Police Department ("Quiñones" or "Chief of Police" or "Hallandale Police"), and Officer Matthew Casey ("Casey"), individually and, in support thereof, alleges the following:

### INTRODUCTION

1.      This action is brought to redress violations of federally protected constitutional rights pursuant to 42 U.S.C. §1983, the Fourth Amendment of the United States Constitution, and the laws of the State of Florida.

### PARTIES

2.      Plaintiff Rodriguez is an individual who resides in Hollywood, Florida and is subject to the jurisdiction of this Court.

1

3. Defendant Quiñones is the Chief of the Hallandale Police Department. In this cause, Defendant Quiñones acted through her capacity as Chief of the Hallandale Police Department by and through her agents and employees, including but not limited to Casey.

4. At all times material, Defendant Casey was acting under color of law as an employee or agent of Defendant Chief of Police.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343.

6. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) over the state law claims asserted herein which are so related to the federal claims that they form part of the same case of controversy.

7. Venue is proper in this District under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS**

8. In the afternoon of June 23, 2016, Rodriguez had a disagreement with his girlfriend. After the dispute, she left the apartment and did not return that day. The apartment is located on the second floor of their apartment building. The apartment building is located in 321 NE 1st Court, Apartment Number 212 Hallandale, FL, 33039.

9. A few moments after his girlfriend left, Rodriguez heard people knocking on his door. Rodriguez opened the door and greeted the defendant, Officer Casey. Rodriguez asked Casey what he needed, and Casey asked Rodriguez to step outside of his apartment.

10. Speaking with Casey while the door was open, Rodriguez asked Casey why Casey was asking him to step outside of his apartment. Casey told Rodriguez that he needed to talk to him.

11. Rodriguez told Casey that he had no problem talking with Casey, but that he could talk to Casey from the door while he was standing inside of his apartment.

12. Casey continued to ask Rodriguez to step outside of his apartment. Rodriguez replied that he felt more comfortable speaking to Casey from where he was standing. There were no obstacles or barriers impeding the two from communicating because the door was ajar.

13. Five to eight minutes later, after Casey persistently asked Rodriguez to leave his apartment, Casey said that "he had had enough" and, without consent, came inside Rodriguez's home. Then, Casey told Rodriguez to put his hands behind his back and Rodriguez complied. Without warning, Casey violently punched Rodriguez's head and body while inside of Rodriguez's apartment. Casey then forcibly took Rodriguez out of his apartment, and forcefully twisted his arm hard, high up towards the back of his head, pulled him and took him to a secluded area of the apartment complex. Once Casey was in a private area, Casey slammed Rodriguez against a concrete wall and dragged him down a flight of stairs.

14. After Rodriguez was dragged to the first floor, other officers arrived at the scene. Alarmed, Rodriguez's neighbors came out of their apartments. Casey dragged Rodriguez to his truck. Rodriguez was shirtless because he was forcibly removed from his home. As Rodriguez got close to Casey's police truck, Casey slammed Rodriguez onto the hood of his truck. The hood of Casey's truck was so hot that Rodriguez's body bounced right back. Casey slammed him again, so hard that Rodriguez's face broke the side window and went through it. Then, Casey grabbed Rodriguez again and slammed him onto the hot pavement.

15. Desperate, Rodriguez yelled and said, among other things: "I am a former United States Marine, call the sergeant and get off me."

16.     Rodriguez remained on the floor for a while until the sergeant finally came. The sergeant told Casey to get away from Rodriguez. The sergeant then turned to Rodriguez and told him he would help him up, but given the circumstances, Rodriguez refused. Due to Casey's violent attack, Rodriguez was bleeding profusely from his chin and forehead. Casey scratched Rodriguez's skin, causing him to bleed from numerous places on his body. Further, Rodriguez's skin was burnt because of the heat of Casey's hood and the hot pavement.

17.     Moments later, an ambulance came in, and a female officer helped Rodriguez get into the ambulance. The ambulance took Rodriguez to Memorial Regional Hospital. After approximately three hours, receiving several stitches in his face, and other treatment, Rodriguez was taken to the Hallandale Beach Police Department. The Police Department did not charge Rodriguez with any domestic violence counts. Rather he was charged with "resisting arrest," "criminal mischief," and "damaging property."

18.     Rodriguez's incident does not appear to be an isolated one. On information and belief, this is the customary practice of the Hallandale Police overseen by Quiñonez (and others before her). In fact, the Hallandale Police has a long history of controversial shootings, beatings, and huge payouts to victims of police brutality.

19.     Moreover, there were around five other officers who either contributed to or did absolutely nothing other than casually observe the beating, or to prevent Casey from violently abusing Rodriguez. This further corroborates the normalcy of the abuse endured by Rodriguez. To officers in the Hallandale Police Department. beating a citizen absent probable cause is typical practice.

## COUNT I—EXCESSIVE AND UNREASONABLE FORCE
## 42 U.S.C. §1983

20.     Plaintiff incorporates paragraphs 1 through 19 fully in this Count.

21. This is a cause of action for depravation of constitutional rights within the meaning of 42 U.S.C. §1983.

22. While Defendant Casey was acting under authority of the State of Florida and under color of law as a police officer in the employ of Defendant Chief of Police, Casey deprived Rodriguez of his constitutional right to be free from the excessive use of force under the Fourth Amendment, within the meaning of 42 U.S.C. §1983.

23. Specifically, Defendant Casey used unreasonable and excessive force when he: (1) pulled Rodriguez's arm excessively towards the back of his head, (2) slammed Rodriguez against a wall, (3) dragged Rodriguez through the stairs, (4) slammed Rodriguez's body on a hot SUV hood, (5) slammed Rodriguez's body and face through an SUV's glass and thereby broke it and (6) slammed Rodriguez's shirtless body on the hot pavement.

24. Casey's excessive and unreasonable force inflicted numerous physical and mental injuries on Rodriguez including but not limited to bruises, contusions, and lacerations.

25. As a direct and proximate result of the above-mentioned unconstitutional acts of Casey, Rodriguez suffered, and continues to suffer, mental anguish, loss of capacity of enjoyment of life, physical injury, personal humiliation, and loss of his freedom and civil rights. Moreover, he was brought into public scandal with great humiliation, suffered loss of income, endured mental suffering, and damage to his reputation.

WHEREFORE, based on the allegations on this Count I Rodriguez requests:

(a) Judgment for compensatory damages in excess of $15,000;

(b) Judgment for exemplary damages;

(c) Cost of suit;

(d) Reasonable attorney's fees, pursuant to 42 U.S.C. §1988;

(e) Trial by jury as to all issues so triable; and

(f) Such other relief as this Honorable Court may deem just and appropriate.

## COUNT II – FOURTH AMENDMENT FALSE ARREST/UNLAWFUL SEIZURE
## 42 U.S.C. §1983

26. Plaintiff incorporates the allegations in paragraphs 1 through 19 fully in this Count.

27. This is an action for depravation of Rodriguez's constitutional rights within the meaning of 42. U.S.C §1983.

28. While Casey was acting under authority of the State of Florida and under color of law as a police officer in the employ of Chief of Police, Casey violated Rodriguez of his constitutional right not to be deprived of liberty and to be free from unlawful or unreasonable search and/or seizure under the Fourth Amendment, within the meaning of 42 U.S.C. §1983.

29. Specifically, Defendant Casey unlawfully and unreasonably searched and/or seized Rodriguez by entering in his house without authorization, seizing his body, detaining him, and continuing to detain him absent reasonable suspicion or probable cause that any crime was being committed, thereby inflicting numerous physical and mental injuries and damages upon Rodriguez, including but not limited to bruises, contusions, and lacerations.

30. At no point, did Casey have a warrant to enter Rodriguez' home.

31. At no point did Rodriguez authorize Casey to enter his home.

32. Casey did not have and could not have had reasonable suspicion that a crime was being committed since Rodriguez's girlfriend was not in the house at the time Casey arrived. Casey knew this. In fact, Rodriguez was never charged with a domestic violence related offence. Rather, Rodriguez was charged with offenses that were caused by Casey.

33.     As a direct and proximate result of the above-mentioned unconstitutional acts of Casey, Rodriguez suffered, and continues to suffer, mental anguish, loss of capacity of enjoyment of life, physical injury, personal humiliation, and loss of his freedom and civil rights. Moreover, he was brought into public scandal with great humiliation, suffered loss of income, endured mental suffering and damage to his reputation.

WHEREFORE, based on the allegations on this Count I Rodriguez requests:

(g) Judgment for compensatory damages in excess of $15,000;

(h) Judgment for exemplary damages;

(i) Cost of suit;

(j) Reasonable attorney's fees, pursuant to 42 U.S.C. §1988;

(k) Trial by jury as to all issues so triable; and

(l) Such other relief as this Honorable Court may deem just and appropriate.

## COUNT III – TRESPASS

34.     Plaintiff incorporates the allegations in paragraphs 1 through 19 fully in this Count.

35.     This is an action for trespassing.

36.     Rodriguez was in possession of the subject property.

37.     Casey without authorization from Rodriguez entered Rodriguez's property.

38.     As a direct and proximate result of Casey's trespass, Rodriguez suffered, and continues to suffer, mental anguish, loss of capacity of enjoyment of life, physical injury, humiliation personally, and loss of his freedom and civil rights. Moreover, he was brought into public scandal with great humiliation, suffered loss of income, endured mental suffering and damage to his reputation.

WHEREFORE, based on the allegations on this Count I Rodriguez requests:

(m) Judgment for compensatory damages in excess of $15,000;

(n) Cost of suit;

(o) Trial by jury as to all issues so triable; and

(p) Such other relief as this Honorable Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

Dated: August 24, 2020

>Respectfully submitted,
>
>Eduardo A. Maura, Esq.
>Luis F. Quesada, Esq.
>*Attorneys for Plaintiff*
>**Ayala Law, P.A.**
>1390 Brickell Ave, Ste 335
>Miami, FL 33131
>Telephone: 305-570-2208
>Email: eayala@ayalalawpa.com
>
>By: */s/ Eduardo A. Maura*
>    Eduardo A. Maura
>    Florida Bar No. 91303
>
>Jorge Garcia-Menocal, Esq.
>*Attorney for Plaintiff*
>**Garcia Menocal, Pastori & Irias LLP**
>368 Minorca Ave
>Coral Gables, Florida 33134
>Telephone: 305-400-9652
>Email: jgm@gmilaw.com
>
>By: */s/ Jorge G. Menocal*
>    Jorge G. Menocal
>    Florida Bar No. 17990

## **CERTIFICATE OF SERVICE**

I certify that a copy of this document was filed using the CM/ECF filing system on August 24, 2020, which will electronically serve the same upon counsel for Defendant Quinonez.

By: */s/ Eduardo A. Maura*
Eduardo A. Maura