UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-61229-RAR

**JOEL ALCIDES RODRIGUEZ,**

    Plaintiff,

v.

**SONIA QUIÑONES**, *in her official capacity as Chief of the Hallandale Police Department*, *et al.*,

    Defendants.

_____/

## **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

**THIS CAUSE** comes before the Court on Defendants' Motion to Dismiss the Second Amended Complaint [ECF No. 16] ("Motion"), filed on November 9, 2020. The Court has carefully reviewed Plaintiff's Second Amended Complaint [ECF No. 11], the Motion, Plaintiff's Response in Opposition [ECF No. 22], and Defendants' Reply [ECF No. 26], and conducted a telephonic hearing to discuss the Motion on December 17, 2020 ("Hearing"), *see* Paperless Minute Entry [ECF No. 37]. Having heard argument from all parties and being otherwise fully advised, the Court ruled on the record and memorializes those rulings herein. Accordingly, as discussed at the Hearing, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint [ECF No. 16] is **GRANTED** for the reasons set forth below.

## **BACKGROUND**

This action stems from Plaintiff Joel Alcides Rodriguez's arrest on June 23, 2016. That afternoon, Plaintiff had a "disagreement" or "dispute" with his girlfriend at his apartment, after which his girlfriend left and did not return. Second Am. Compl. ¶ 8. Shortly thereafter, Plaintiff

answered a knock at his apartment door and encountered Defendant Officer Matthew Casey with the Hallandale Police Department, who repeatedly asked Plaintiff to step outside so that they could have a conversation. *Id.* ¶ 9-10. Plaintiff replied that he would talk with Casey at the door while remaining in his apartment. *Id.* ¶¶ 10-12.

The events that follow form the gravamen of Plaintiff's Second Amended Complaint. Plaintiff alleges that this back-and-forth—Casey asking him to step outside and him refusing—persisted for "[f]ive to eight minutes[,]" after which Casey said that he had "had enough" and entered Plaintiff's apartment without consent. *Id.* ¶ 13. Though Plaintiff complied with Casey's command to put his hands behind his back, "Casey violently punched [Plaintiff]'s head and body," forcibly removed him from his apartment, and took him to a secluded area where he "slammed [him] against a concrete wall and dragged him down a flight of stairs." *Id.*

At this point, other officers arrived on the scene only to witness Casey push Plaintiff onto the hood of Casey's police truck. *Id.* ¶ 14. The truck was so hot that Plaintiff —who was at this point shirtless—reflexively pulled his body off the hood. *Id.* Casey reacted by again pushing Plaintiff onto the truck with such force that Plaintiff's face broke through the side window before "slamm[ing] him onto the hot pavement." *Id.* Plaintiff was later taken to Memorial Regional Hospital to be treated for lacerations and burns from the incident. *Id.* He was ultimately charged with resisting arrest, criminal mischief, and property damage. *Id.*

On June 23, 2020, Plaintiff filed his Complaint [ECF No. 1] against Sonia Quiñones in her official capacity as the Chief of the Hallandale Beach Police Department and "Officer Epson," the arresting officer. On July 22, he filed an Amended Complaint [ECF No. 22] against these same Defendants. After being unable to serve "Officer Epson," Plaintiff filed a Second Amended Complaint [ECF No. 11] against Chief Quiñones and the arresting officer, Casey, on August 24, 2020. The Second Amended Complaint brings three claims: 1) excessive and unreasonable force

under 42 U.S.C. § 1983; 2) unlawful seizure under the Fourth Amendment and 42 U.S.C. § 1983; and 3) trespassing under Florida law.

## LEGAL STANDARD

When reviewing a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016). However, a court need not accept plaintiff's legal conclusions as true. *Sinaltrainal v. Coca–Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, "[t]o survive a motion to dismiss, a complaint must contain sufficient *factual* matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (emphasis added) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading is facially plausible when the plaintiff states enough facts for the court to draw a "reasonable inference" that the defendant is liable for the alleged conduct. *Id.* The factual allegations must provide more than a "sheer possibility." *Id.*

## ANALYSIS

In their Motion, Defendants argue that 1) the claims against Casey are barred by the statute of limitations; 2) no "official capacity" claims may be stated against Chief Quiñones in her official capacity as Chief of the City of Hallandale Beach Police Department (and even if the "official capacity" claims were asserted against the proper defendant, Plaintiff has failed to state a *prima facie Monell* claim); and 3) Section 768.28(9)(a) of the Florida Statutes bars the state law trespass claim against Chief Quiñones. The Court addresses each of these in turn.

### *I. The claims against Officer Casey are barred by the statute of limitations.*

Plaintiff asserts claims against Officer Casey under § 1983 and trespassing under Florida law—all of which must be brought within four years of the acts giving rise to the claim. *See Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999) ("A plaintiff must commence

a § 1983 claim arising in Florida within four years of the allegedly unconstitutional or otherwise illegal act.") (citation omitted); *Anderson v. Epstein*, 202 So. 3d 893, 899 n.2 (Fla. 3d DCA 2016) ("[C]laims for trespass . . . are subject to a four-year statute of limitations.") (citing Fla. Stat. § 95.11(3)).  The events at issue took place on June 23, 2016, but Plaintiff did not file the Second Amended Complaint naming Casey as a Defendant until August 24, 2020.  Therefore, the claims against Casey are time-barred unless they "relate back" to the original Complaint, filed on June 23, 2020.

Generally, an amended complaint changing the name of a party relates back to the original pleading if the party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  FED. R. CIV. P. 15(c)(1)(C).  Plaintiff devotes much of his Response to convincing the Court that Casey knew or should have known he was the intended party, but "[a] key requirement for relation back under Rule 15(c)(1)(C) is that the plaintiff have made a 'mistake.'"  *Lelieve v. Orosa*, No. 10–23677–CIV, 2011 WL 5103949, at *4 (S.D. Fla. Oct. 27, 2011).  Indeed, "once a court determines that no 'mistake' was made, it is irrelevant whether the to-be-joined party received notice and would not be prejudiced; a finding of a mistake is necessary before moving on to the other requirements."  *Id*. (citations omitted); *see also Myles v. Green*, No. 08-20554-CIV, 2013 WL 12201091, at *16 (S.D. Fla. Jan. 30, 2013) ("Without a mistake, the Court cannot proceed to the remaining requirements of Rule 15(c)(1)(C), such as whether the newly named Defendants were aware of this pending lawsuit."), *report and recommendation adopted*, 2013 WL 12201247 (S.D. Fla. Apr. 24, 2013), *aff'd on other grounds*, 557 F. App'x 901 (11th Cir. 2014).

Plaintiff has not shown that a "mistake" prevented his naming Casey before the statute of limitations expired.  The Eleventh Circuit has held that a plaintiff's "lack of knowledge" as to the identity of a party does not constitute a "mistake" that can allow a claim against that party to relate

back to an original pleading. *Wayne v. Jarvis*, 197 F.3d 1098, 1103 (11th Cir. 1999), *overruled in part on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003) (en banc); *Powers v. Graff*, 148 F.3d 1223, 1226-27 (11th Cir. 1998) (explaining that Rule 15 "permits an amendment to relate back *only* where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where . . . there is a lack of knowledge of the proper party.") (emphasis in original) (quotation marks and citation omitted).

It therefore follows that "[a] plaintiff's amendment to identify parties previously designated as 'John Doe' defendants in the complaint does not relate back to the filing of the original complaint under Federal Rule of Civil Procedure 15 because the amendment is made to correct the plaintiff's lack of knowledge about whom to sue, not a mistake . . . in identifying the proper party." *Bloodworth v. United States*, 623 F. App'x 976, 979 (11th Cir. 2015) (citing *Wayne*, 197 F.3d at 1103-04); *see also Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 468 (2d Cir. 1995) ("It is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued.") (quotation marks and citation omitted).

*Wayne* and its progeny make clear that in order to show a "mistake" under Rule 15(c)(1)(C), a plaintiff must have known the identity of the proper defendant *before* the statute of limitations expired unless some actual error or reasonable misunderstanding—separate and apart from the plaintiff's own failure to ascertain the identity of the proper defendant—caused the original action to be brought against the wrong party. Thus, a complaint will "relate back" under Rule 15 where either a "mere slip of the pen," *Powers*, 148 F.3d at 1227, or a reasonable misunderstanding as to a proper party's name or title, causes the plaintiff to misidentify the proper party in the timely complaint.

But a "mistake" will not be found—and relation back therefore prohibited—where the plaintiff simply fails to ascertain the identity of the proper party until after the statute of limitations has expired. *Compare Kuehn v. Cadle Co., Inc.*, 335 F. App'x 827, 829-30 (11th Cir. 2009) (affirming district court's conclusion that a "mistake" occurred where the plaintiff sued the company named on the letter giving rise to the lawsuit and upon learning that the letter was sent by another closely-related company, immediately amended her complaint); *Brown v. VCNA Prestige Concrete Prods., Inc.*, No. 6:13–cv–979–Orl–31TBS, 2014 WL 1293266, at *3 (M.D. Fla. Mar. 31, 2014) ("When two [] entities are closely related and have similar names, choosing the wrong one is readily explainable as a mistake.") (citing *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 556 (2010)); and *McCulley v. Allstates Tech. Servs.*, No. Civ. A. 04-0115-WS-B, 2005 WL 1475314, at *17 (S.D. Ala. June 21, 2005) (finding a "proverbial slip of the pen" occurred where plaintiff's complaint made allegations against the party to be added but failed to include that party in the caption) (citing *Powers*, 148 F.3d at 1227-28), *with Jones v. Ga. Dep't of Corr.*, No. 7:17-CV-202, 2018 WL 9362307, at *4 (M.D. Ga. Sept. 24, 2018) (finding no mistake where "[a]t the time of filing his original [c]omplaint, [p]laintiff . . . did not know the identities of any of the individuals purportedly involved."); *Lelieve*, 2011 WL 510394, at *6 ("[O]n Plaintiff's asserted facts—that he was unaware of the [defendant]s' true identities—Plaintiff has not met his burden of demonstrating he made a 'mistake.'"); and *Mack v. Loizzo*, No. 08–20181–CIV, 2009 WL 4840200, at *3 (S.D. Fla. Dec. 14, 2009) ("[B]ecause Plaintiff [] did not know [defendant's] identity when he filed his original Complaint, *Wayne* precludes the claim against [defendant] in Plaintiff's Amended Complaint from relating back to Plaintiff's original Complaint.").

Here, Plaintiff offers only that he "earnestly misidentified Casey as 'Officer Epson.'" Resp. at 4. Therefore, he insists "there is no basis to treat the originally named officer as a John Doe" because he "never referred to the arresting officer as 'John Doe.'" *Id.* But in his Response,

Plaintiff does not attempt to explain *why* that alleged "mistake" occurred, providing no basis for this Court to find that an actual error or reasonable misunderstanding caused him to list "Officer Epson" in his timely Complaint instead of Officer Casey. And a simple recitation of "Epson" and "Casey" makes clear that this is not a case in which a "similarity of names" could have led Rodriguez to name the wrong party. *Cf. Pugh v. Kobelco Const. Machinery Am.*, No. 2:08cv241, 2009 WL 2486042, at *3 (M.D. Ala. Aug. 12, 2009); *see also Datskow v. Teledyne, Inc., Cont'l Prods. Div.*, 899 F.2d 1298, 1301 (2d Cir. 1990) (finding a "mistake" where plaintiffs identified the "corporate entity as 'Teledyne, Inc.,' whereas the correct name of the corporate defendant [was] 'Teledyne Industries, Inc.'"), *cert. denied*, 498 U.S. 854 (1990).

The Court therefore treats the originally named "Officer Epson" as a "John Doe" for the purposes of its analysis under Rule 15. As Defendants point out—and Plaintiff does not contest—there is no "Officer Epson" employed by the Hallandale Beach Police Department, nor has there ever been. For all intents and purposes, Plaintiff could have listed the officer's name in the original Complaint as "Officer Jones" or "Officer Smith," and promulgated the same argument. Therefore, Plaintiff's position is tantamount to allowing litigants to skirt this Circuit's prohibition on "John Doe" pleadings by simply writing any name other than "John Doe" in the caption. That this Court will not allow.

Other courts have likewise forbidden the "relation back" of amended complaints that sought to substitute a newly-identified party after the statute of limitations had expired—even where the plaintiff did not use the generic "John Doe" title in the complaint. *See Eison v. McCoy*, 146 F.3d 468, 471-72 (7th Cir. 1998) (explaining that the case, in which the original complaint listed the defendant police officers by "nebulous aliases" before seeking amendment to replace these designations with the officers' proper names, was "directly akin to those cases in which 'John Doe' or 'unknown police officers' are sued and the complaint is later amended to specify the

identity of the party."). For example, in *Phillips v. Jeanes*, the plaintiff originally brought his claim against an "Officer Richardson" but "[w]hen [p]laintiff found out that an Officer Richardson could not have been the perpetrator because he did not work at [the] Prison [where plaintiff was allegedly attacked] *and* that an individual by the name of Officer Lewis was recently discharged from Lee State Prison for conduct that allegedly related to [p]laintiff, [p]laintiff then realized that Officer Lewis must have been the one who allegedly assaulted him." No. 1:13–CV–68 (WLS), 2014 WL 2946475, at *2-3 (M.D. Ga. June 27, 2014) (emphasis in original). The court explained that

> [T]his [was] information [p]laintiff learned *after* the expiration of the statute of limitations, meaning he lacked the knowledge of the proper party in the first instance. Therefore, this [was] not a situation where [p]laintiff said 'red' when he really meant 'blue.' Rather, this [was] a situation where [p]laintiff stated 'red,' belatedly realized it could not have been 'red,' and then realized that it must have been 'blue'—a situation that does not fall within the ambit of Rule 15(c)(1)(C)(ii).

*Id*. (emphasis in original).

Such is the case here. Plaintiff learned that "Officer Epson" could not have been the perpetrator because he was not employed by the Hallandale Beach Police Department (because he does not exist). But this was information Plaintiff learned *after* the statute of limitations had expired, meaning he did not know Casey's identity at the time he filed his timely Complaint. Thus, Plaintiff did not file his Complaint against "Officer Epson" when he really meant "Officer Casey"—*i.e.*, the naming of the wrong party was not caused by a "slip of the pen" or reasonable misunderstanding. "Rather, this was a situation where Plaintiff stated ["Officer Epson"], belatedly realized it could not have been ["Officer Epson"], and then realized that it must have been ["Officer Casey"]—a situation that does not fall within the ambit of Rule 15(c)(1)(C)(ii)." *Id*.

At the Hearing, Plaintiff's counsel argued that the reluctance of the Hallandale Beach Police Department to provide information related to the incident at issue was the chief factor in

failing to identify Officer Casey until after the statute of limitations had expired. But "[p]laintiff's claim that the Police Department's alleged delay justifies adding [the proper party] after the limitations period has no bearing on a relation-back inquiry under *Wayne*'s bright-line rule, and would have been best raised as an argument for tolling the four-year statute of limitations." *Loizzo*, 2009 WL 4840200, at *3 n.2 (citing *Robinson v. United States*, 327 F. App'x 816, 819 (11th Cir. 2007) (equitable tolling allowed under extraordinary circumstances such as when defendant's misconduct induces plaintiff into letting statute of limitations pass)); *see also Fowler v. Coad*, No. 3:14–cv–309–RS–EMT, 2015 WL 1843243, at *3 (N.D. Fla. Apr. 22, 2015) (rejecting plaintiff's argument that "[u]nlike the plaintiff in *Wayne*, . . . he took active steps to obtain the public records which would have named the defendants, but the responses he received from the government's records custodians improperly omitted them. . . . [R]egardless of the amount of effort [plaintiff] put into obtaining the identities of [d]efendants before filing the [c]omplaint, he had a lack of knowledge of their identities on the day that the statute of limitations expired.").

Plaintiff waited until the final day before the applicable statute of limitations expired to file his original Complaint against the Defendants. While he now attempts to argue that the Hallandale Beach Police Department's lack of cooperation in responding to his informational request is to blame for the deficiencies in his Complaint, the real problem faced by Plaintiff is the same problem encountered by the plaintiff in *Wayne*. That is, he filed his Complaint "close to the expiration of the statute of limitations and thereby waited too long before setting out to find crucial information he needed to make his claim[s] against [ ] [Officer Casey] . . . Had he filed earlier, he could have learned [Casey's identity] in time to amend his [C]omplaint before the statute of limitations ran." 197 F.3d at 1104. He must therefore "bear[] the consequences of his own delay." *Id*.; *see also Seegars v. Adcox*, 258 F. Supp. 1370, 1376 (S.D. Ga. 2002) (rejecting plaintiffs' defense "that they attempted to discover which officers were involved in the incident before the suit was filed, but

were not given any information by the Sheriff's Office" and explaining that "[t]his lack of knowledge is due to [p]laintiffs' less than spirited attempt to obtain the identities of the officers. Plaintiffs' inability to identify the officers within the statutes of limitation is a result of the last-minute filing of the suit.").

Accordingly, the Court finds that Plaintiff has not made a "mistake" as that term is contemplated by Rule 15(c)(1)(C)(ii) in failing to name Officer Casey in the original Complaint. Because the Court has not found the requisite "mistake," it need not reach the issues of notice and prejudice. *See Lelieve*, 2011 WL 5103949, at *4. Therefore, the claims against Officer Casey are barred by the statutes of limitation and are hereby **DISMISSED** *with prejudice*.

## II. *The "official capacity" claims against Chief Quiñones are dismissed with prejudice*.

Defendants are correct that the Section 1983 claims brought against Chief Quiñones in her official capacity as the Chief of the Hallandale Beach Police Department must be dismissed because the Department is not a legal entity subject to suit. In contrast to individual capacity suits, when an officer is sued under Section 1983 in her official capacity, the suit "represent[s] only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)); *see also Busby v. City of Orlando*, 931 F.3d 764, 776 (11th Cir. 1991). Accordingly, because Plaintiff sued Chief Quiñones in her official capacity as the Chief of the Hallandale Beach Police Department, the Court must determine if the Department is a proper party to this lawsuit.

"Sheriff's departments and police departments are not usually considered legal entities subject to suit, but capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (internal citations omitted). In Florida, while county sheriff's offices can be subject to suit*, see, e.g., Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015), "[w]here a [city]

police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit," *Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. 3d DCA 1995) (quoting *Eddy v. City of Miami*, 715 F. Supp. 1553, 1556 (S.D. Fla. 1989)).

In *Shepard v. Hallandale Beach Police Dep't.*, the Court dismissed the Hallandale Beach Police Department as a defendant in a Section 1983 action, explaining that "[i]n Section 1983 actions, police departments cannot be sued, because a police department is merely an administrative arm of the local municipality, and is not a separate judicial entity." No. 06-60322-CIV, 2006 WL 8446393, at *2 (S.D. Fla. May 3, 2006), *report and recommendation adopted*, 2006 WL 8446351 (S.D. Fla. June 5, 2006). So too here: because "[t]he Hallandale Beach Police Department is merely an arm of" the City of Hallandale Beach, *id.*, the Department does not have a legal existence apart from the City of Hallandale Beach and is not subject to suit. Instead, Plaintiff's Section 1983 claims are actually claims against the City of Hallandale Beach. *See Lavandeira v. Tampa Police Dep't*, No. 8:20-cv-169-t-23cpt, 2020 WL 6545983, at *1 (M.D. Fla. Nov. 6, 2020) (explaining that "even a brief review of the governing legal authority" revealed that federal claims brought against the Tampa Police Department and its Chief of Police in his official capacity were "actually claims against the City of Tampa."). Therefore, the claims against Chief Quiñones in her official capacity as the Chief of the Hallandale Beach Police Department are **DISMISSED** *with prejudice*.

Plaintiff is granted leave to amend his Second Amended Complaint to assert his *Monell* claims against the proper party. However, Plaintiff must also amend the substance of his pleading to state a *prima facie* case for municipal liability under Section 1983, which the Second Amended Complaint fails to do. If a plaintiff sues a municipality, there must be proof that the alleged injuries resulted from an official custom, policy, or practice. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658,

694 (1978). The plaintiff bears the burden of establishing the causal link between a government policy or custom and the injury which is alleged. *See Byrd v. Clark*, 783 F.3d 1002, 1008 (11 Cir. 1986) (citing *id*).

The Second Amended Complaint fails to raise any allegations that the actions of the officers involved in Plaintiff's arrest were the result of an official custom, policy, or practice. Instead, Plaintiff makes threadbare accusations of general wrongdoing by the Hallandale Beach Police Department. *See, e.g.*, Second Am. Compl. ¶ 18 ("Rodriguez's incident does not appear to be an isolated one. On information and belief, this is the customary practice of the Hallandale Police overseen by Quiñone[s] (and others before her). In fact, the Hallandale [Beach] Police [Department] has a long history of controversial shootings, beatings, and huge payouts to victims of police brutality.").

Because Plaintiff fails to provide any factual information regarding these past incidents or explain why they are the result of a specific policy or custom that caused Plaintiff's alleged constitutional deprivations, the Second Amended Complaint fails to state a *prima facie* claim under *Monell*. *See, e.g., Johnson v. Israel*, No. 17-62291-CIV, 2020 WL 1060007, at *8-9 (S.D. Fla. Mar. 5, 2020) (finding that "unsubstantiated" allegations regarding "scores of [past] lawsuits" did not support the inference of a "de facto" policy for a *Monell* claim); *Jackson v. Miami-Dade Cty.*, No. 18-20665-CIV, 2018 WL 5787247, at *9-11 (S.D. Fla. Nov. 5, 2018) (concluding complaint lacked factual information regarding sixteen alleged past incidents and was therefore insufficient to support a claim for municipal liability).

### III. Chief Quiñones is immune from Plaintiff's Claim under Florida law.

Defendants allege that under Section 768.28(9) of the Florida Statutes, Quiñones is immune from the trespassing claim because she did not act in bad faith. That Section provides, in relevant part, as follows:

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. . . . The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Fla. Stat. § 768.28(9)(a). Defendants are correct that this Section precludes the state law claim against Chief Quiñones.

Plaintiff argues that Chief Quiñones is not immune from the state law claim under Section 768(9)(a) because she is sued in her official capacity. But this precise argument was rejected in *Forrest v. Pustizzi*, No. 16-cv-62181, 2017 WL 2472537, at *10 (S.D. Fla. June 7, 2017). There, the plaintiff brought state law claims against the Chief of Police for the City of Coral Springs Police Department in his official capacity and argued that Section 768.28 did not preclude the claims because they were brought against the Chief in his official capacity, making him "the de facto Department." *Id*. at *10. The Court rejected this argument and dismissed the state law claims, explaining that "the City of Coral Springs Police Department is not an entity subject to suit under Florida law, so [the] Chief [] is similarly not subject to suit in his official capacity as the 'head' of an entity that is not itself subject to suit. The proper defendant for these claims would be the City of Coral Springs itself." *Id*. However, "the Chief of Police[] is not the 'head' of the City of Coral Springs, so he is an improper official capacity defendant for claims that should have been brought against the City." *Id*. Similarly, here, Chief Quiñones is not the "head" of the City

Page **13** of **14**

of Hallandale Beach, so she is an improper "official capacity" defendant for the state law claims that should have been brought against the City.

As a result, Plaintiff's claim for trespassing under Florida law may only be brought against Chief Quiñones in her individual capacity. However, given that there is no indication whatsoever that Chief Quiñones personally acted "in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property," she may not be held "personally liable" for the trespassing claim. Fla. Stat. § 768.28(9)(a). Accordingly, the trespass claim against Chief Quiñones is hereby **DISMISSED** *with prejudice*.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss the Second Amended Complaint **[ECF No. 16]** is **GRANTED**. The claims against Officer Casey are hereby **DISMISSED** *with prejudice*. The claims under Section 1983 against Chief Quiñones in her official capacity as Chief of the City of Hallandale Beach Police Department are hereby **DISMISSED** *with prejudice*, with Plaintiff granted leave to file an amended complaint bringing these claims against the proper party. The trespassing claim against Chief Quiñones is hereby **DISMISSED** *with prejudice*. Plaintiff shall file a Third Amended Complaint in compliance with this Order by **January 6, 2021**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 20th day of December, 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**